# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Terrance L. White

CHAPTER 13

CASE NO. 1 -bk-23- 00166 HWV

___ ORIGINAL PLAN
_2nd_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

_0_ Number of Motions to Avoid Liens
_0_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ✓ Included | Not Included |
| --- | --- | --- | --- |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $7,100.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $86,600.00, plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 1/2024 | 2/2028 | $1,590.00 | | $1,590.00 | $79,500.00 |
    | | | | | | |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $79,500.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ( ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

        ( ✓ ) Debtor is over median income. Debtor estimates that a minimum of $42,150.72 must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 58,561.00_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____
_____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| The Money Source - | 307 Hollyhock Drive, Manchester, Pennsylvania 17345 | 1676 |
|   |   |   |
|   |   |   |

4

Rev. 12/01/19

C. <u>**Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**</u> *Check one.*

✓ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| The Money Source - Debtor and his spouse have curred the prepetition arrears. | 307 Hollyhock Drive, Manchester, Pennsylvania 17345 | Per allowed claim ($0,00 est.) | | Per allowed claim ($0.00 est.) |
| | | | | |
| | | | | |

D. <u>**Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**</u>

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

Rev. 12/01/19

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

Rev. 12/01/19

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**F. Surrender of Collateral.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

✓ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Carrington Mortgage Services - Claim 12 | 834 West Poplar Street. |
| LCS Capital - Claim 14 | 834 West Poplar Street. |
| Onyx Bay Trust/Select Portfolio Services - Claim 15 | 834 West Poplar Street. |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees</u>. Complete only one of the following options:

      a. In addition to the retainer of $ 0.00 _____ already paid by the Debtor, the amount of $ 4,500.00 _____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ✓ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ___ The following administrative claims will be paid in full.

8

Rev. 12/01/19

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | Per Allowed proof of claim ($32,616.00 est.). |
| Pennsylvania Department of Revenue | Per allowed proof of claim ($7.43 est.). |
|  |  |

C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

✓  None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u> *Check one of the following two lines.*

       **✓** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

       ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

       **✓** None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

       ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ___ plan confirmation.
   ___ entry of discharge.
   _✓_ closing of case.

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   (  ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

This plan propsoes to pay all allowed claims at 100%. No payments shall be made to any student loan claims. Debtor and his Spouse have curred the pre-petition arrears due to the Money Source and thus an amended claim should be filed noting a zero balance.

Dated: 12/18/2023

s/Chad J. Julius
Attorney for Debtor

s/Terrance L. White.
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: TERRANCE LAMONT WHITE : Case No: 1-23-bk-00166-HWV
:
Debtor, : Chapter 13

    Notice is hereby given that Terrance Lamont White (the "Debtor") have filed a **2ND Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **February 14, 2024 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Courtroom 4B of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102.

**February 7, 2024** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **February 7, 2024**. The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **February 7, 2024.**

---

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

---

    ***Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.***

    Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the 3rd floor of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102

                                        CLERK
                                        UNITED STATES BANKRUPTCY COURT
                                        MIDDLE DISTRICT OF PENNSYLVANIA
                                        THE SYLVIA H. RAMBO COURTHOUSE
                                        1501 N. 6th Street
Date: December 18, 2023            HARRISBURG, PA 17102

# CERTIFICATE OF SERVICE

I, Dera Shade, with Jacobson, Julius & Harshberger do hereby certify that on this day I served the within *Notice to Parties in Interest and Second Amended Chapter 13 Plan* upon the following persons via the ECF/CM or Certificated Mail system and/or by depositing a true and correct copy of the same in the United States Mail, first class, postage prepaid:

<u>ECF/CM:</u>
Jack N Zaharopoulos (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

U.S. Trustee
Box 302
Sylvia H. Rambo United States Courthouse,
1501 North 6th Street, Harrisburg, Pennsylvania 17102

<u>VIA FIRST-CLASS MAIL</u>

All creditors on the mailing matrix (attached).

DATED: December 18, 2023      s/Dera Shade
                              Dera Shade, Paralegal

```
Label Matrix for local noticing          Allied First Bank, SB dba Servbank      CARRINGTON MORTGAGE SERVICES LLC
0314-1                                   3138 E Elwood St                        Hill Wallack LLP
Case 1:23-bk-00166-HWV                   Phoenix, AZ 85034-7210                  1415 Route 70 East Suite 309
Middle District of Pennsylvania                                                  Cherry Hill, NJ 08034-2210
Harrisburg
Mon Dec 18 10:07:44 EST 2023

ONYX Bay Trust                           The Money Source Inc.                   United States Trustee
P.O. Box 65250                           14841 Dallas Parkway, Suite 425         US Courthouse
Salt Lake City, UT 84165-0250            Dallas, TX 75254-8067                   1501 N. 6th St
                                                                                 Harrisburg, PA 17102-1104


U.S. Bankruptcy Court                    Allied First Bank, SB dba Servbank      Allied First Bank, SB dba Servbank
Sylvia H. Rambo US Courthouse            3138 E Elwood St                        3138 E Elwood St
1501 N. 6th Street                       Phoenix, Arizona 85034-7210             Phoenix, Arizona 85034
Harrisburg, PA 17102-1104                                                        Allied First Bank, SB dba Servbank
                                                                                 3138 E Elwood St
                                                                                 Phoenix, Arizona 85034-7210

American Express National Bank           Amex                                    Bank of America
c/o Becket and Lee LLP                   Correspondence/Bankruptcy               Attn: Bankruptcy
PO Box 3001                              Po Box 981540                           4909 Savarese Circle
Malvern  PA 19355-0701                   El Paso, TX 79998-1540                  Tampa, FL 33634-2413


(p)BELCO COMMUNITY CREDIT UNION          Brickhouse OpCo I LLC                   Capital One
ATTN ATTN COLLECTIONS DEPARTMENT         4053 Maple Road Suite 122               Attn: Bnakruptcy
449 EISENHOWER BLVD                      Amherst, NY 14226-1058                  P.O. Box 30285
HARRISBURG PA 17111-2301                                                         Salt Lake City, UT 84130-0285


Capital One Auto Finance                 Capital One N.A.                        Carrington Mortgage Services
Attn: Bankruptcy                         by American InfoSource as agent         Attn: Bankruptcy
7933 Preston Rd                          PO Box 71083                            Po Box 3730
Plano, TX 75024-2302                     Charlotte, NC  28272-1083               Anaheim, CA 92803-3730


Carrington Mortgage Services, LLC        Cby Systems Inc                         Comenity Bank/Bon Ton
1600 Douglass Road                       33 S Duke St                            Attn: Bankruptcy
Anaheim, CA 92806-5948                   York, PA 17401-1401                     Po Box 182125
                                                                                 Columbus, OH 43218-2125


Comenity Capital/Gem                     ComenityCapital/Boscov                  Comenitycapital/gem
Attn: Bankruptcy                         Attn: Bankruptcy Dept                   Attn: Bankruptcy Dept
Po Box 182125                            Po Box 182125                           Po Box 182125
Columbus, OH 43218-2125                  Columbus, OH 43218-2125                 Columbus, OH 43218-2125


Credit One Bank                          Genesis Bc/Celtic Bank                  Genesis FS Card
Attn: Bankruptcy Department              Attn: Bankruptcy                        Attn: Bankruptcy
Po Box 98873                             Po Box 4477                             Po Box 4477
Las Vegas, NV 89193-8873                 Beaverton, OR 97076-4401                Beaverton, OR 97076-4401


Genesis FS Card Services                 Genesis FS Card/Kay Jewelers            Internal Revenue Service
Attn: Bankruptcy                         Attn: Bankruptcy                        1500 Pennsylvania Avenue, NW
Po Box 4477                              Po Box 4477                             Washington, DC 20220-0001
Beaverton, OR 97076-4401                 Beaverton, OR 97076-4401
```

| | | |
|---|---|---|
| LCS Capital, LLC<br>C/O LCS Financial Services Corporation<br>6782 S Potomac St # 100<br>Centennial, CO 80112-8000 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC  29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| Merrick Bank Corp<br>Po Box 9201<br>Old Bethpage, NY 11804-9001 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | (p)MISSION LANE LLC<br>PO BOX 105286<br>ATLANTA GA 30348-5286 |
| ONYX Bay Trust<br>c/o Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville, IN 47731-3251 | PA Department of Revenue<br>Bankruptcy Division<br>PO Box 280946<br>Harrisburg, PA 17128-0946 |
| (p)PENN CREDIT CORPORATION<br>PO BOX 69703<br>HARRISBURG PA 17106-9703 | Penn Credit Corporation<br>2800 Commerce Drive<br>Manchester, PA 17345 | Resurgent<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 |
| Spring Oaks Capital SPV, LLC<br>P. O. Box 1216<br>Chesapeake, VA 23327-1216 | (p)SPRING OAKS CAPITAL  LLC<br>1400 CROSSWAYS BLVD STE 100B<br>CHESAPEAKE VA 23320-0207 | Synchrony Bank/ JC Penneys<br>Attn: Bankruptcy<br>Po Box 965064<br>Orlando, FL 32896-5064 |
| Synchrony Bank/JCPenney<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Sams<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Sams<br>Attn: Bnakruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| The Money Source Inc.<br>500 South Broad Street Suite 100A<br>Meriden, Connecticut 06450-6755 | Toyota Financial Services<br>Attn: Bankruptcy<br>Po Box 259001<br>Plano, TX 75025-9001 | Toyota Financial Services<br>Attn: Bankruptcy<br>Po Box 8026<br>Cedar Rapids, IA 52408-8026 |
| Wells Fargo Bank NA<br>Attn: Bankruptcy<br>1 Home Campus Mac X2303-01a<br>Des Moines, IA 50328-0001 | White Rose Credit Unio<br>1529 Rodney Road<br>York, PA 17408-9716 | Yk Cr Bureau<br>33 S Duke St<br>York, PA 17401-1401 |
| Chad J. Julius<br>Jacobson & Julius<br>8150 Derry Street, Suite A<br>Harrisburg, PA 17111-5212 | (p)JACK N  ZAHAROPOULOS<br>ATTN CHAPTER 13 TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | Terrance Lamont White<br>307 Hollyhock Drive<br>Manchester, PA 17345-9116 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Belco Community Credit Union<br>Attn: Bankruptcy Dept.<br>449 Eisenhower Blvd. Suite 200<br>Harrisburg, PA 17111 | Mission Lane LLC<br>Attn: Bankruptcy<br>P.O. Box 105286<br>Atlanta, GA 30348 | Penn Credit<br>Attn: Bankruptcy<br>Po Box 988<br>Harrisburg, PA 17108 |
| Spring Oaks Capital, Llc<br>Attn: Bankruptcy<br>P.O. Box 1216<br>Chesapeake, VA 23327 | Jack N Zaharopoulos<br>Standing Chapter 13<br>(Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Allied First Bank, SB dba Servbank | (u)THE MONEY SOURCE INC | End of Label Matrix<br>Mailable recipients 56<br>Bypassed recipients 2<br>Total 58 |